IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

DEREK ROBERT GLASSER, for himself
and as next friend of C.D.G., a minor,

           Plaintiff,

v.                                                CIVIL ACTION NO. 2:15-cv-01411

KAREN BOWLING, Secretary of
Health and Human Resources, et al.,

           Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Defendants M. Davita and Jay Smithers' Motion to Dismiss (ECF No. 11), Defendants Casey Adkins, Karen Bowling, Melissa McCumbers's Motion to Dismiss (ECF No. 13), and Plaintiff Derek Robert Glasser's ("Plaintiff") Motion to Amend (ECF No. 18). By Standing Order entered May 7, 2014, and filed in this case on February 4, 2015, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation (PF&R). Magistrate Judge Tinsley filed his PF&R (ECF No. 15) on May 23, 2017, recommending that this Court grant the Motions to Dismiss (ECF Nos. 11 and 13) and dismiss this action without prejudice.

The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and the Petitioner's right to appeal this

Court's Order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Objections to the PF&R in this case were originally due on June 9, 2017, but by Order entered June 15, 2017, the Court extended the deadline to July 17, 2017. To date, no objections have been filed.

While Magistrate Judge Tinsley's PF&R recommends dismissal, it also recommends that such dismissal be without prejudice and that Plaintiff be afforded the opportunity to amend the Complaint. Apparently in response to this recommendation, Plaintiff filed a Motion to Amend (ECF No. 18) on July 17, 2017 with a proposed First Amended Complaint (ECF No. 18-1) attached. The First Amended Complaint purports to raise claims against Defendants Davita, McCumbers, and Adkins in their individual capacities. None of these three Defendants named have filed a response to the Motion to Amend.

Leave to amend a pleading should be freely given "when justice so requires." Fed. R. Civ. P. 15(a). "'[L]eave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'" *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)). "The disposition of a motion to amend is within the sound discretion of the district court." *Davis v. Virginia Commonwealth Univ.*, 180 F.3d 626, 628 (4th Cir. 1999) (citing *Foman v. Davis*, 371 U.S. 178 (1962)). A review of the Motion to Amend (ECF No. 18) and the proposed First Amended

Complaint (ECF No. 18-1) reveals at least one claim of debatable validity; the Court cannot therefore find futility. Moreover, no one has asserted futility or any other argument against amendment. The Court thus finds that it is appropriate to grant Plaintiff leave to amend.

Accordingly, the Court **ADOPTS** the PF&R (ECF No. 15), **GRANTS** the Motions to Dismiss (ECF Nos. 11 and 13), **DISMISSES WITHOUT PREJUDICE** the Complaint (ECF No. 2), and **DISMISSES** Defendants Karen Bowling and Jay Smithers. The Court also **GRANTS** Plaintiff's Motion to Amend (ECF No. 18), **DEEMS** the proposed First Amended Complaint (ECF No. 18-1) served as of the date of entry of this order, and **ORDERS** Defendants M. Davita, Melissa McCumbers, and Casey Adkins to respond to the First Amended Complaint within 14 days of the date of entry of this order.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: September 14, 2017

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE